**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, Administrator of the Funds, and GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY<br>    Plaintiffs,<br>v.<br>PIAZZA MASONRY, INC.,<br>    Defendant. | Case No. 12-cv-1120<br><br>Judge Der-Yeghiayan |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AND FOR DAMAGES**

Plaintiffs', the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), request that the Court enter default judgment and an amount of damages against defendant Piazza Masonry, Inc. in the total amount of $27,521.47. In support of this motion, plaintiffs state:

1. On February 16, 2012, plaintiffs filed a Complaint under the Employee Retirement Income Security Act of 1973 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking reports and unpaid contributions owed to the Laborers' Funds for the period from January 1, 2008 through the present.

2. Service of the Complaint was accomplished by plaintiffs' special process server, Philip M. Ducar on February 23, 2012, by serving Ms. Josie Ostrander, at the office of C.P.A. Ronald J. Vaughn, the Company's Registered Agent, at 805 State Street, Lemont, Illinois. (See summons and return of service, Exhibit A.)

1

3. On April 18, 2012, Plaintiffs' filed a first amended complaint under the Employee Retirement Income Security Act of 1973 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a), adding specifically amounts owed by the Company to the Funds, as determined by an audit of the Company for the period of January 1, 2008 through December 31, 2011. (See Docket No. 15).

4. The Laborers' Funds' designated auditors from Levinson Simon Hein & Bilkey, P.C. have completed an audit report showing amounts due from Piazza Masonry, Inc., for the period of January 1, 2008 through December 31, 2011. After reviewing the audit report, the Company submitted some challenges, which the Funds reviewed, and the audit was revised accordingly on or about June 19, 2012. The revised audit report, which is attached to Plaintiffs' Motion for Damages as Exhibit B, reflects principal contributions owed to the Welfare, Pension, Training, LDCLMCC, GDCNI, and LECET and Union dues in the amount of $10,772.12. (See the Revised Audit attached here to ask Exhibit B, and Rocco Marcello's Affidavit attached hereto as Exhibit C).

5. According to the collective bargaining agreement and trust agreements, for amounts owed for the period of January 1, 2008 through December 31, 2011 interest is similarly owed which accrues at the prime rate as charged by Chase Bank plus two percent. On June 1, 2007, pursuant to the respective Agreements and Declarations of Trust of the Laborers Funds to which Piazza Masonry is bound, the percentage at which liquidated damages would be calculated was increased from 10% to 20% for everything owed with the exception of Union dues and ancillary funds which are still calculated at 10%. Therefore, liquidated damages calculated at 10% are owed in the amount of $93.30, and liquidated damages calculated at 20% are owed in the amount of $1,967.83. Also, accumulated penalties are due in the amount of $10,511.48. (Exhibit C).

6. Audit costs for the work performed by Levinson Simon Hein & Bilkey, P.C. charged to the Laborers' Funds in this matter were $1,401.74. (Exhibit C).

7. Reasonable attorneys' fees and costs are established by an affidavit of Angie Cowan Hamada, plaintiffs' counsel, in the amount of $2,365.00 attorney's fees, $410.00 in costs consisting of service and filing fees. (Exhibit D).

8. According to Mr. Marcello's affidavit, defendant also has failed to report and pay current contributions as they become due by the 10th day of the month after the work has been performed. The Funds request this Court order the Company to submit remittance reports and payment for the months of January 2012, February 2012, March 2012, April 2012, and June 2012. (Exhibit C).

9. There is no just reason for delay and a final judgment is in the interest of justice in this case pursuant to Federal Rule of Civil Procedure, Rule 54(b).

Wherefore, plaintiffs drafted a proposed judgment order for a total judgment against in the amount of $27,521.47, and an order requiring the Company to report and pay contributions for the months of January 2012, February 2012, March 2012, April 2012, and June 2012.

    Respectfully submitted,

    /s/ Angie Cowan Hamada
    Angie Cowan Hamada, Esq.

Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400    July 20, 2012